RE: APPLICABILITY OF AMERICANS WITH DISABILITIES ACT PROVISIONS TO STATE OF OKLAHOMA
PURSUANT TO YOUR REQUEST, THE FOLLOWING IS A LEGAL ANALYSIS OF WHETHER THE ELEVENTH AMENDMENT PRECLUDES THE FEDERAL GOVERNMENT AND THE CONGRESS FROM DIRECTING THAT THE STATE OF OKLAHOMA SHALL CONFORM WITH THE EMPLOYMENT DISCRIMINATION PROVISIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990.
ON JANUARY 26, 1992, THE AMERICANS WITH DISABILITIES ACT ("A.D.A."), 42 U.S.C.A. 12101 ET SEG., WENT INTO EFFECT PROHIBITING JOB DISCRIMINATION BY STATE AND LOCAL GOVERNMENTS ON THE BASIS OF DISABILITIES. THEELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROVIDES "THE JUDICIAL POWER OF THE UNITED STATES SHALL NOT BE CONSTRUED TO EXTEND TO ANY SUIT IN LAW OR EQUITY, COMMENCED OR PROSECUTED AGAINST ONE OF THE UNITED STATES BY CITIZENS OF ANOTHER STATE, OR BY CITIZENS OR SUBJECTS OF ANY FOREIGN STATE." THE UNITED STATES SUPREME COURT HELD THAT THE IMPORTANCE OF THE AMENDMENT "LIES IN ITS AFFIRMATION THAT THE FUNDAMENTAL PRINCIPLE OF SOVEREIGN IMMUNITY LIMITS THE GRANT OF JUDICIAL AUTHORITY IN ART. III(OF THE CONSTITUTION)." PENNHURST STATE SCHOOL AND HOSPITAL V. HALDERMAN, 465 U.S. 89, 98, 104 S.CT. 900, 79 L.ED.2D 67 (1984). THIS HOLDING WAS PREMISED UPON HANS V. LOUISIANA,134 U.S. 1, 10 S.CT. 504, 33 L.ED.2D 842 (1890), WHERE THE COURT HELD THAT A CITIZEN WAS BARRED FROM BRINGING SUIT AGAINST HIS OWN STATE EVEN THOUGH THE ELEVENTH AMENDMENT DOES NOT SO PROVIDE. THEREFORE, THE STATE OF OKLAHOMA WOULD HAVE IMMUNITY FROM ADHERING TO THE A.D.A. PREMISED UPON THEELEVENTH AMENDMENT. THERE ARE, HOWEVER, TWO EXCEPTIONS TO THE STATE'S IMMUNITY PROVISIONS OF THE ELEVENTH AMENDMENT. ONE IS WHERE A STATE VOLUNTARILY WAIVES ITS IMMUNITY AND AGREES TO BE SUED IN FEDERAL COURT. SEE, EDELMAN V. JORDAN,415 U.S. 651, 673, 94 S.CT. 1347, 39 L.ED.2D 662 (1974). THE OTHER IS WHERE SUCH IMMUNITY WOULD INTERFERE WITH THE ENFORCEMENT PROVISION OF SECTION 5 OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. WITH REGARD TO THE SECOND EXCEPTION, THE SUPREME COURT OF THE UNITED STATES IN FITZPATRICK V. BITZER, 427 U.S. 445, 456, 96 S.CT. 2666, 49 L.ED.2D 614 (1976), HELD THAT CONGRESS HAS THE POWER TO ENFORCE, BY APPROPRIATE LEGISLATION, THE SUBSTANTIVE PROVISIONS OF THE FOURTEENTH AMENDMENT.
THE COURT FURTHER CLARIFIED THIS EXCEPTION AND HOW IT COULD BE ACCOMPLISHED IN ATASCADERO STATE HOSPITAL V. SCANLON,473 U.S. 234, 105 S.CT. 3142, 87 L.ED.2D 171 (1985). IN ATASCADERO, DUDRA, AT 243, 105 S.CT. 3142, 87 L.ED.2D 171, THE COURT HELD THAT "WHEN ACTING PURSUANT TO S 5 OF THEFOURTEENTH AMENDMENT, CONGRESS CAN ABROGATE THEELEVENTH AMENDMENT WITHOUT STATE "CONSENT". THIS ABROGATION CAN OCCUR PROVIDED THERE IS "AN UNEQUIVOCAL EXPRESSION OF CONGRESSIONAL INTENT TO 'OVERTURN THE CONSTITUTIONALLY GUARANTEED IMMUNITY OF THE SEVERAL STATES. N PENNHURST, SUPRA, QUOTING QUERN V. JORDAN, 440 U.S. 332, 342,99 S.CT. 1139, 59 L.ED.2D 358 (1979). SEE ALSO, EMPLOYEES V. MISSOURI DEPT. OF PUBLIC HEALTH AND WELFARE, 411 U.S. 279,93 S.CT. 1614, 36 L.ED.2D 251 (1973).
TURNING NOW TO THE AMERICANS WITH DISABILITIES ACT, CONGRESS HAS UNEQUIVOCALLY ABROGATED OKLAHOMA'S ELEVENTH AMENDMENT IMMUNITY IN 42 U.S.C.A. 12202 PROVIDING TO-WIT:
 "A STATE SHALL NOT BE IMMUNE UNDER THE ELEVENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES FROM AN ACTION IN FEDERAL OR STATE COURT OF COMPETENT JURISDICTION FOR A VIOLATION OF THIS ACT. IN ANY ACTION AGAINST A STATE FOR A VIOLATION OF THE REQUIREMENTS OF THIS ACT, REMEDIES (INCLUDING REMEDIES BOTH AT LAW AND IN EQUITY) ARE AVAILABLE FOR SUCH A VIOLATION TO THE SAME EXTENT AS SUCH REMEDIES ARE AVAILABLE FOR SUCH A VIOLATION IN AN ACTION AGAINST ANY PUBLIC OR PRIVATE ENTITY OTHER THAN A STATE."
THEREFORE, IT IS MY OPINION THAT IT IS WITHIN THE PURVIEW OF CONGRESSIONAL POWER TO DIRECT THAT THE STATE OF OKLAHOMA HALL CONFORM TO THE PROVISIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990. IT IS FURTHER MY OPINION, BASED UPON THE FOREGOING LEGAL ANALYSIS, THAT ANY LITIGATION BY THE STATE OF OKLAHOMA AGAINST THE FEDERAL GOVERNMENT WOULD BE UNSUCCESSFUL.
(STEVEN K. SNYDER)